UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| DEANDRE CARDINE TAYLOR, ) | |
| ) | |
| Plaintiff/Respondent, ) | |
| ) | No. 5:14-CR-18-KKC-HAI |
| v. ) | No. 5:16-CV-299-KKC-HAI |
| ) | |
| UNITED STATES OF AMERICA, ) | RECOMMENDED DISPOSITION |
| ) | |
| Defendant/Movant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

In a motion docketed on August 9, 2016, federal inmate DeAndre Cardine Taylor, proceeding *pro se*, filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. D.E. 72. The matter was assigned to the undersigned in accordance with Rule 4 of the Rules Governing Section 2255 Cases for the purposes of conducting a preliminary review. *See* Rules Governing Section 2255 Cases, Rule 4. After conducting an initial review of the petition, the Court ordered Petitioner to file a corrected petition that substantially followed the section 2255 form, as required by Rule 2(c) of the Rules Governing Section 2255 Proceedings. D.E. 74. Petitioner filed a corrected petition on September 12, 2016. D.E. 75.

Upon receipt of the corrected petition, the Court determined that Petitioner's motion appeared to possibly be untimely. A one-year period of limitation applies to motions filed under 28 U.S.C. § 2255. The statute provides that the limitation period begins to run from the latest of four specified dates, only one of which is relevant here: "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). On April 28, 2015, Chief Judge Caldwell

entered a Judgment (D.E. 66) against Defendant following his guilty plea (D.E. 51).  There is no evidence that an appeal was taken.  Absent an appeal, "the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals." *Sanchez-Castello v. United States,* 358 F.3d 424, 427 (6th Cir. 2004).  Therefore, Defendant's conviction became "final" for purposes of § 2255(f)(1) on May 12, 2015, 14 days after the Judgment was entered.  *See* Fed. R. App. P. 4(b)(1)(A).  Accordingly, Petitioner's deadline for filing his 2255 motion was May 12, 2016.

The Clerk docketed Defendant's original 2255 motion on August 9, 2016.  D.E. 72.  Although Defendant's motion was not docketed until August 9, Defendant declared under penalty of perjury that he placed the motion in the prison's mailing system on April 16, 2016.  D.E. 72-1 at 14.  The Court ordered Petitioner to show cause as to why the matter should not be dismissed as untimely.  D.E. 76.  In response, Petitioner asserted that the prison mailbox rule applied to his petition, and therefore, it was filed on April 16, 2016.  D.E. 81.  After examining the record and applicable law, the Court determined that an evidentiary hearing was necessary to evaluate the timeliness of Petitioner's motion.  D.E. 82.  The Court appointed counsel for Petitioner and scheduled the hearing for December 20, 2016 (D.E. 88), but it was later continued until January 10, 2017 (D.E. 101).

On January 10, 2017, the hearing was called to evaluate the timeliness of Petitioner's motion.  D.E. 110.  At the hearing, Petitioner, through counsel, requested to withdraw his 2255 motion.  *Id*.  The Court conducted a competency colloquy and explained the consequences of withdrawal to Petitioner.  *Id*.  Under oath, Petitioner indicated that he still wished to withdraw his motion, and the Court found that his withdrawal was knowingly, voluntarily, and intelligently

made. *Id*. Petitioner further indicated he had sufficient time to discuss the matter with his attorney.

Accordingly, because Petitioner's request to withdraw his pending 2255 motion was knowingly, voluntarily and intelligently made, **IT IS HEREBY RECOMMENDED THAT** Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (D.E. 72, 75) be **DENIED** and that no certificate of appealability be issued.

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. *See also* Rules Governing Section 2255 Proceedings, Rule 8(b). Within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, de novo, by the District Court. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 11th day of January, 2016.

Signed By:
*Hanly A. Ingram* /s/
United States Magistrate Judge